IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RITA CUMMINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-752-MJR |
| ) | |
| POLICE OFFICER MATT WITT, POLICE ) | |
| OFFICER TODD WAGNER, POLICE ) | |
| OFFICER JOHN LAWSON, POLICE CHIEF ) | |
| BRAD BLACKORBY, CITY OF ) | |
| JERSEYVILLE, ILLINOIS, UNNAMED ) | |
| ILLINOIS STATE POLICE OFFICER (JOHN ) | |
| DOE), DIRECTOR LARRY TRENT AND ) | |
| THE STATE OF ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO BAR EXPERT WITNESS OR, IN THE ALTERNATIVE, MOTION TO STRIKE EXPERT DISCLOSURE

Now come the defendants, POLICE OFFICER MATT WITT, POLICE OFFICER TODD

WAGNER, POLICE OFFICER JOHN LAWSON, POLICE CHIEF BRAD BLACKORBY and

THE CITY OF JERSEYVILLE, ILLINOIS, by and through their undersigned attorneys,

PIERCE LAW FIRM, P.C., pursuant to Federal Rule of Civil Procedure 26, and for their Motion

to Bar Expert Witness or, In the Alternative, Motion to Strike Expert Disclosure, state as follows:

1.      Plaintiff was required in this case to disclose expert opinions including reports by

October 20, 2008.[1]

2.      One of the experts plaintiff reportedly disclosed is Richard L. Payne, M.D. whose

report is attached hereto.[2]

---

[1] Defendants would note that Dr. Payne's report is actually dated October 21, 2008.  Plaintiff's counsel has stated that the report was in fact mailed on October 20, 2008.  It was received by defendants' counsel on October 22, 2008.

[2] Attached to this "report" was an 81 page group of documents entitled "Paginated Records Used in Compiling the Clinical Abstract of the Autopsy Consultation Report".  This consists solely of portions of medical records, police reports and similar documents identified in discovery.  Also attached was approximately 80 pages of abstracts of medical articles.  Defendant presumes that these are partially intended to comply with the requirement that the

3.      Dr. Payne's report completely fails to comply with the requirements of Rule 26(a)(2)(B).

4.      Dr. Payne's "report" contains a list of diagnoses but does not contain "a complete statement of all opinions the witness will express and the basis and reasons for them".  FRCP 26(a)(2)(B)(i) (emphasis added).  An expert report must contain a detailed description of expert opinions and the bases therefore.  See e.g., *Salgado v. General Motors Corp.,* 150 F.3d 735, 742 (7th Cir. 1998).

5.      Dr. Payne's report is utterly devoid of any information which would allow these defendants to determine the basis and reasons for the doctor forming these opinions.

6.      Payne's report is also deficient in that it does not comply with FRCP (a)(2)(B)(v). Dr. Payne's data contains two pages listing "depositions and/or trial testimonies".  Although these contain names, it is not clear whether these are names of the plaintiff, defendant, or the decedent.

7.       Some courts have felt that the Federal Rules require that, at a minimum, the list should include the name of the court where the testimony occurred, the names of the parties, the case number, and whether the testimony was given at deposition or trial.  See, e.g., *Coleman v. Dydula*, 109 F.R.D. 316, 318 (W.D. N.Y. 1999).  Although defendants feel that the level of detail is not necessary in all cases, some more level of detail than provided by this report is necessary. One purpose of an expert report is to shorten, or even eliminate the need for, an expert's deposition.  See e.g., *S.E.C. v. Lipson*, 46 F. Supp.2d 758, 763 n.(3) (N.D. Ill. 1999).  Under the circumstances, defendants will be forced to incur additional time at the deposition, paying the

---

expert identify all records he's considered, although there is nothing to indicate if he in fact considered other records.  *Cf Fidelity Nat. Title Ins. CO v Intercounty Nat. Title Ins Co.* 412 F.3d 745 (7th Cir. 2005)

plaintiff's expert $500.00 an hour, to obtain information which was required to have been produced prior to the deposition.

8.      Violation of these Federal Rule 26 requires sanctions which are "automatic and mandatory". *Keach v. U.S. Trust Co.*, 419 F.3d 626, 639-40 (7th Cir. 2005).

9.      As noted, the purpose for an expert report is to fairly and adequately inform the opponent of opinions, not bald conclusions.  See e.g., *Atkins v. County of Orange*, 372 F. Supp.2d 377 (S. D. N.Y. 2005).  A report must be sufficient to establish a reason underlying the conclusion.  *Vollmert v. Wisconsin Department of Transportation*, 197 F.3d 293, 300-301 (7th Cir. 1999).  The Seventh Circuit has repeatedly criticized experts and their reports who supply nothing but a bottom line as supplying "nothing of value to the judicial process".  See e.g., *Ziegler Coal v. Director, O.W.C.P.* 312 F.3d 332.

10.     The purpose of the report is to set forth the substance of the direct examination. See e.g., *Jenkins v. Bartlett*, 487 F.3d 482 (7th Cir. 2007).  The recent case of *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635 (7th Cir. 2008) is instructive.  There, the Court criticized the bare-bones disclosure and correctly noted that the defects could not be cured by supplementing with later deposition testimony.  "The purpose of Rule 26(a)(2) is to provide notice to opposing counsel – before the deposition – as to what the expert witness will testify." *Ciomber,* 527 F.3d at 642.

11.     In the alternative, if this Court does not deem it appropriate to bar this witness, defendants would in the alternative ask that the Court order that plaintiff produce a proper report in compliance with Federal Rules of Civil Procedure and further that the deadline for deposing this expert (November 20, 2008), be extended so that the defendants have an opportunity to receive that report and prepare for the deposition.  Under the present circumstances, defendants

should not have to go to the expense of deposing Dr. Payne as this will unnecessarily increase

the expense and length of the deposition given the lack of detail contained in the initial report.

As the Seventh Circuit noted, forcing a defendant to depose an expert with little or no

understanding as to what they will testify to violates the principles underlying Rule 26 and

further forces the Court to devote time and resources to addressing the deficient report.  See e.g.,

*Ciomber*, 527 F.3d at 648.

WHEREFORE, the defendants, POLICE OFFICER MATT WITT, POLICE OFFICER

TODD   WAGNER,   POLICE   OFFICER   JOHN   LAWSON,   POLICE   CHIEF   BRAD

BLACKORBY and THE CITY OF JERSEYVILLE, ILLINOIS, respectfully request that this

Court enter an order barring the plaintiff's expert, Richard L. Payne, M.D., from testifying in this

case, or in the alternative, striking Dr. Payne's report and adjusting the discovery experts so that

defendants have an opportunity to receive that report and prepare for Dr. Payne's deposition and

then present their own experts..

Respectfully Submitted,

By: s/Charles A. Pierce
Pierce Law Firm, P.C.
#3 Executive Woods Court, Suite 200
Belleville, IL 62226
Phone: 618-277-5599
Fax: 618-239-6080
E-mail: cpierce@piercelawpc.com
Attorney Bar Number # 06208106

4

**CERTIFICATE OF SERVICE**

   I hereby certify that on November 4, 2008, I electronically filed a MOTION TO MOTION TO BAR EXPERT WITNESS OR, IN THE ALTERNATIVE, MOTION TO STRIKE EXPERT DISCLOSURE on behalf of the defendants, Matt Witt, Todd Wagner, John Lawson, Brad Blackorby and the City of Jerseyville, et al with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Mark R. Niemeyer
Attorney at Law
Onder, Shelton, O'Leary & Peterson, LLC
110 E. Lockwood
St. Louis, MO  63119
314/963-9000 Tel
314/963-1700 Fax
niemeyer@onderlaw.com
Attorneys for Plaintiff

Karen L. McNaught
Officer of the Attorney General
500 South Second Street
Springfield, IL  62706
217/782-1841 Tel
217/524-5091 Fax
kmcnaught@atg.state.il.us
Attorney for Defendants,
Bridges, Trent, and State of Illinois

          Respectfully submitted,

          s/CHARLES A. PIERCE
          PIERCE LAW FIRM, P.C.
          #3 Executive Woods Court, Suite 200
          Belleville, IL  62226
          Ph. (618) 277-5599
          Fax: (618) 239-6080
          E-mail: cpierce@piercelawpc.com
          Attorney Bar Number # 06208106