IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RITA CUMMINGS,<br><br>Plaintiff,<br><br>v.<br><br>POLICE OFFICER MATT WITT, et al.<br><br>Defendants. | Civil Case No. 07-752-MJR |

## ORDER

Defendants Witt, Wagner, Lawson, Blackorby and the City of Jerseyville are before the Court seeking to bar plaintiff's expert, Dr. Richard L. Payne, or, in the alternative, strike Payne's expert report. **(Doc. 78).** The defendants contend Payne's report does not comport with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). The Court has reviewed Dr. Payne's report in connection with the defendants' objection to plaintiff's motion to file a third amended complaint. In the interest of judicial economy, and because resolution of the pending motion merely requires the Court to read the report itself, the Court will not await plaintiff's response. In the event plaintiff perceives that the Court has made a legal error, the Court will, of course, remain open to a motion for reconsideration.

Federal Rule of Civil Procedure 26 provides that an expert witness's written report "contain a complete statement of all opinions to be expressed and the basis *and reasons therefor*; the data or other information considered by the witness in forming the opinions [and] any exhibits to be used as a summary of or support for the opinions." **Fed.R.Civ.P. 26(a)(2)(B) (emphasis added).** Expert reports must disclose how and why an expert reached the conclusions presented, and not merely the result. ***Salgado v. Gen. Motors Corp.,*** **150 F.3d 735, 741 n. 6 (7th Cir. 1998).**

1

Dr. Payne's report contains in pertinent part: a list of diagnoses; a conclusion regarding the cause of death, including the aforementioned diagnoses; an abstract of the evidence in the record (excerpts from reports, medical records and depositions); and four medical definitions. Reading the report, one can infer that a medical professional presented with the abstract of evidence would render the diagnoses, and reach the conclusion regarding the cause of death. The report has provided the opinions and basis therefor, but not Dr. Payne's reasons or reasoning. Perhaps a trained medical professional would consider the reasoning to be axiomatic, but laymen– and Rule 26– require that the reasoning be set forth.

**IT IS THEREFORE ORDERED** that the subject motion **(Doc. 78)** is **GRANTED IN PART AND DENIED IN PART**. On or before **November 21, 2008**, Dr. Richard L. Payne shall submit an amended report to the defendants, including his reasoning. Dr. Payne will not be barred, and no other sanction is warranted. The Court does not perceive any bad faith in the issuance of the report, and little if any prejudice in the resulting delay. In accordance with Federal Rule of Civil Procedure 29, the Court expects the parties to amicably reschedule the deposition of Dr. Payne and the disclosure and deposition of the defense experts as necessary.

**IT IS SO ORDERED.**

DATED: November 6, 2008

s/ Clifford J. Proud
CLIFFORD J. PROUD
U. S. MAGISTRATE JUDGE