# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
### EAST ST. LOUIS DIVISION

RITA CUMMINGS, individually and )
as Special Administrator of the estate )
of Roger Holyfield, Deceased, )
                                        )

      Plaintiff, )

v. )

POLICE OFFICER MATT WITT, )
Individually and as police officer )
for the City of Jerseyville, Illinois, )      Cause No. 07-752-MJR
                                          )

Serve:  Matt Witt )
        200 South Jefferson Stree )      **JURY TRIAL DEMANDED**
        Jerseyville, IL 62052 )

and )

POLICE OFFICER TODD WAGNER, )
Individually and as police officer for )
the City of Jerseyville, Illinois, )

Serve:  Todd Wagner )
        200 South Jefferson Street )
        Jerseyville, IL 62052 )

and )

POLICE OFFICER JOHN LAWSON, )
Individually and as police officer for )
the City of Jerseyville, Illinois, )

Serve:  John Lawson )
        200 South Jefferson Street )
        Jerseyville, IL 62052 )

and )
)
)

POLICE CHIEF BRAD BLACKORBY,                    )
Individually and as police chief for            )
the City of Jerseyville, Illinois,              )
                                                )
Serve:  Brad Blackorby                          )
        200 South Jefferson Street              )
        Jerseyville, IL 62052                   )
                                                )
and                                             )
                                                )
CITY OF JERSEYVILLE, ILLINOIS,                  )
a body corporate and politic,                   )
                                                )
Serve:  William Strang, City Attorney           )
        115 East Prairie Street                 )
        Jerseyville, IL 62052                   )
                                                )
and                                             )
                                                )
POLICE OFFICER JEFFREY BRIDGES,                 )
Individually and as a police officer            )
for the State of Illinois,                      )
                                                )
Serve:  Larry Trent                             )
        801 S. 7th Street, Suite 11005     )
        P.O. Box 19461                          )
        Springfield, IL 62794-9461             )
                                                )
and                                             )
                                                )
DIRECTOR LARRY TRENT,                           )
Individually and as Director of the             )
Illinois State Police,                          )
                                                )
Serve:  Larry Trent                             )
        801 S. 7th Street, Suite 11005     )
        P.O. Box 19461                          )
        Springfield, IL 62794-9461             )
                                                )
and                                             )
                                                )

THE STATE OF ILLINOIS,                           )
                                                 )
Serve: Lisa Madigan                              )
        Illinois Attorney General                )
        500 S. 2nd Street                         )
        Springfield, IL 62701                    )
                                                 )
DISPATCHER CHRISTINA                             )
ISRINGHAUSEN, individually and as a              )
Dispatcher for the City of Jerseyville,          )
Illinois                                         )
                                                 )
Serve: Christina Isringhausen                    )
        200 South Jefferson Street               )
        Jerseyville, IL 62052                    )
                                                 )
and                                              )
                                                 )
MICHELLE NIEMEYER, individually                  )
and as a Dispatcher for the City of              )
Jerseyville, Illinois                            )
                                                 )
Serve: Michelle Niemeyer                         )
        200 South Jefferson Street               )
        Jerseyville, IL 62052                    )
                                                 )
        Defendants.                              )

## THIRD AMENDED COMPLAINT

COMES NOW Plaintiff, Rita Cummings, by and through her attorneys Mark R. Niemeyer and Onder, Shelton, O'Leary & Peterson, LLC, and for her cause of action against the above captioned Defendants hereby states as follows:

## INTRODUCTION

1.      This action is brought pursuant to 42 U.S.C.. §1983, 42 U.S.C. §1988, the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq., the Illinois "Survival Statute", 755 ILCS 5/27-6, and the Illinois Tort Immunity Act, 745 ILCS 10/2 et seq.

3

2.      On October 28, 2006, Roger Holyfield was abused and killed after having been taken into custody by Jerseyville Police Officers Witt and Wagner, who were assisted by Jerseyville Police Officer Lawson and Illinois State Police Officer Bridges.  While in custody, Roger Holyfield was subjected to physical and mental abuse, including multiple shockings or "tasings" via a Taser stun gun device, as well as physical blows and forcible restraint by the police officers.  This abuse was carried out without justification or provocation and committed while the Defendant police officers were acting under the color of law as Jerseyville police officers or Illinois State police officers.  As a result of this outrageous and egregious police misconduct, Roger Holyfield suffered injury, and the Plaintiff suffered the loss of her son, Roger Holyfield.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331, §1343 and §1367.

4.      Venue is proper under 28 U.S.C. §1391(b) in that all parties to this action reside in the Federal Judicial District of the Southern District of Illinois and the events giving rise to the claims asserted herein occurred within the district.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

5.      The Plaintiff, Rita Cummings, is the natural mother of Roger Holyfield who died on October 29, 2006, at the age of seventeen (17), as a result of abuse while in custody on October 28, 2006.  Plaintiff Rita Cummings was the mother and care giver of Roger Holyfield. Plaintiff Rita Cummings has standing to institute and prosecute this cause of action under and by virtue of 740 ILCS 180/1 et seq., commonly known as the "Wrongful Death Act," which provides an action for the benefit of next-of-kin.  Plaintiff Rita Cummings is the personal

4

representative of Roger Holyfield, deceased, having been appointed as Special Administrator of the Estate of Roger Holyfield, deceased, pursuant to 740 ILCS 180/2.1, on December 27, 2007, in the Circuit Court of Jersey County, Illinois, Cause No. 07-P-53.

6.     On or about October 28, 2006, at approximately 9:00 p.m., Defendant, Police Officer Witt, was on duty as a Jerseyville police officer, and, in his capacity as Jerseyville police officer, responded to the area of the 600 block of State Street in Jerseyville, Illinois.

7.     On or about October 28, 2006, at approximately 9:00 p.m., Defendant, Police Officer Wagner, was on duty as a Jerseyville police officer, and, in his capacity as Jerseyville police officer, responded to the area of the 600 block of State Street in Jerseyville, Illinois.

8.     On or about October 28, 2006, at approximately 9:00 p.m., Defendant, Police Officer Lawson, was off duty as a Jerseyville police officer, and, in his capacity as Jerseyville police officer, responded to the area of the 600 block of South State Street in Jerseyville, Illinois.

9.     On or about October 28, 2006, at approximately 9:00 p.m., Defendant, Police Officer Bridges, was on duty as an Illinois State police officer, and, in his capacity as Illinois State police officer, responded to the area of the 600 block of State Street in Jerseyville, Illinois.

10.    On or about October 28, 2006, at approximately 9:00 p.m., seventeen (17) year old Roger Holyfield was in the area of the 600 block of South State Street in Jerseyville, Illinois, holding a telephone and a bible, stating "I want my mother."  Holyfield weighed approximately one hundred thirty (130) pounds.

11.    Defendant, Jerseyville Police Officer Wagner, approached Holyfield and without sufficient cause, placed Holyfield under arrest.  Defendant Wagner caused Holyfield to lie on his stomach while Defendant Wagner applied pressure to Holyfield's back and handcuffed Holyfield's hands behind his back.  Holyfield made no attempts to resist arrest.

5

12.     Defendant, Jerseyville Police Officer Witt arrived on the scene to assist Defendant Wagner.  Defendants Wagner and Witt threatened to "tase" Holyfield even though Holyfield was handcuffed behind his back and laying face down on the ground.  Defendants Wagner and Witt proceeded to shock Holyfield numerous times via Taser stun gun weapons, shooting multiple sets of probes into Holyfield's chest, abdomen and back.

13.     Defendant Jerseyville Police Officer Lawson, while off duty, arrived on the scene to assist Defendants Wagner and Witt.  Defendants Wagner, Witt and Lawson repeatedly struck Holyfield and otherwise physically abused and restrained him as they placed him inside a Jerseyville police car.

14.     Defendant Illinois State Police Officer Bridges arrived on the scene and assisted the other police officer Defendants, including restraining Holyfield, striking Holyfield, and placing his foot to the back of Holyfield's head.  Each of the Defendant police officers assisted one another, acquiescing in the behavior of the others, and failed to intervene on behalf of Holyfield.

15.     After the Defendant police officers restrained, shocked, beat and abused Holyfield, Holyfield began to vomit.  Only after Holyfield began to vomit and became unresponsive was an ambulance summoned to the scene.  Holyfield was then taken by ambulance and helicopters to hospitals; Holyfield was pronounced dead on October 29, 2006.

16.     Roger Holyfield, who was seventeen (17) years old at the time, ultimately died on October 29, 2006, as a result of the abuse he had sustained from Defendants Witt, Wagner, Lawson and Bridges ("Defendant police officers") in their capacities as Jerseyville police officers, and as Illinois State police officer.

17.     Defendant Brad Blackorby is the appointed Police Chief with authority in

6

Jerseyville to implement and establish policies and practices at the Jerseyville Police Department related to the hiring, retention, training, supervision and discipline of employees of the Jerseyville Police Department and who otherwise has general control of the policies, practices and everyday activities of the Jerseyville Police Department.  On October 28, 2006, Defendants Christina Isringhausen and Michelle Niemeyer were employed as Jerseyville police dispatchers and were acting within the scope and course of their employment, for the benefit of their employer, the City of Jerseyville and Defendant Blackorby.  Defendants Isringhausen and Niemeyer had a duty to relay information to the police officers at the scene of the Roger Holyfield incident that was relevant and necessary to their conduct.  During the incident, Defendant dispatchers received information from various sources regarding the health of Roger Holyfield, but failed to relay same to the police officers at the scene.

18.     Defendant Larry Trent is the appointed Director of the Illinois State Police Department with authority in the State of Illinois to implement and establish policies and practices at the Illinois State Police Department related to the hiring, retention, training, supervision and discipline of employees of the Illinois State Police Department and who otherwise has general control of the policies, practices and everyday activities of the Illinois State Police Department.

19.     Defendant City of Jerseyville, acting through its employees and agents, is responsible for the establishment of policies and practices governing the Jerseyville Police Department, including the hiring, retention, training, supervision, discipline and otherwise general control of the officers employed by the Jerseyville Police Department.

20.     Defendant State of Illinois, acting through its employees and agents, is responsible for the establishment of policies and practices governing the Illinois State Police

Department, including the hiring, retention, training, supervision, discipline and otherwise general control of the officers employed by the Illinois State Police Department.

21.    As a result of the actions, of the Defendant police officers, including forcible restraint, handcuffing, striking and "tasing" Roger Holyfield, Holyfield was injured and died.

22.    Roger Holyfield sustained the described injuries while he was under the direct and immediate control of the Defendant police officers, employees or agents of the City of Jerseyville and State of Illinois.  Defendant police officers were aware of the risk of injury and death to which Roger Holyfield was exposed, and restrained, struck, abused and shocked or "tased" Holyfield, failed to provide Holyfield with prompt and adequate medical treatment, and failed to intervene on Holyfield's behalf to stop the abuse.

<u>**COUNT I**</u>

<u>**42 U.S.C. §1983 EXCESSIVE USE OF FORCE**</u>

COMES NOW Plaintiff, Rita Cummings, and for her cause of action against Defendants Officer Wagner, Officer Witt, Officer Lawson, Officer Bridges, Chief Blackorby, <u>Dispatcher Christina Isringhausen, Dispatcher Michelle Niemeyer,</u> Director Trent, City of Jerseyville, and State of Illinois under 42 U.S.C. §1983, hereby states as follows:

23.    Plaintiffs hereby incorporate by reference, as if fully set forth herein, Paragraphs 1-22 of this Complaint.

24.    At all times described herein, Officers Wagner, Witt and Lawson were acting in their capacities as police officers for the City of Jerseyville, and were acting within the scope and course of their employment and for the benefit of their employer City of Jerseyville and Chief Blackorby.

25.    At all times described herein, Officer Bridges was acting in his capacity as an

8

Illinois State police officer for the State of Illinois, and was acting within the scope and course of his employment and for the benefit of his employer the State of Illinois and Director Trent.

26.     Defendants Wagner, Witt, Lawson, and Bridges (referred to herein as "Defendant police officers") without provocation or just cause, and with no imminent threat of bodily harm, serious bodily harm or death to themselves or others, assaulted, battered and killed Roger Holyfield by repeatedly and continuously restraining, beating, abusing and shocking or "tasing" Roger Holyfield.

27.     The use of force by Defendant police officers against Holyfield was unreasonable, wholly unnecessary and absolutely unjustified.

28.     As a result of this unreasonable use of force, Roger Holyfield suffered severe pain and injury and ultimately died as a result of the restraint and abuse inflicted upon him by Defendant police officers.

29.     Defendant police officers' actions, all taken under the color of law, were intentional and carried out with willful indifference to Roger Holyfield's constitutional rights.

30.     The misconduct described in this count was willful, wanton and malicious and exhibited a reckless indifference or conscious disregard for the safety, well-being and rights of others justifying an award of punitive damages.

31.     The misconduct described in this count was undertaken pursuant to the policies and practices of Defendant City of Jerseyville and Defendant Blackorby in that:

> a.     As a matter of public policy and practice, the Jerseyville Police Department undertakes inadequate and defective internal affairs investigations, such that Jerseyville police officers are encouraged to believe that their actions will not be subject to scrutiny which, in turn,

encourages a pattern of future abuses such as those that affected Roger Holyfield;

b.    As a matter of both policy and practice, the Jerseyville Police Department encourages the very type of misconduct at issue here by failing to adequately train, supervise and control its officers and dispatchers, as well as hiring and retaining officers and dispatchers without adequate background checks and with deliberate indifference to the fact that such individuals are not qualified to be police officers and dispatchers due to lack of experience and training, or violent or reckless tendencies;

c.    As a matter of both policy and practice, the Jerseyville Police Department facilitated the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Jerseyville police officers to believe that their actions would never be scrutinized or that they would not be held accountable for their actions, and in that way, essentially encourage future abuses such as those which befell Roger Holyfield;

d.    Jerseyville municipal policy makers and employees of the police department are aware of and condone and facilitate by their inaction a "code of silence" within the Jerseyville Police Department by which officers fail to report misconduct committed by other officers such as the misconduct at issue in this case;

e.    The Jerseyville Police Department undertakes defective and inadequate investigations, thereby contributing to a perception on the part of

10

Jerseyville police officers that they will not be held accountable for their actions;

f.     Generally, as a matter of widespread practice so as to compromise municipal policy, officers of the Jerseyville Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this count on a frequent basis, yet the Jerseyville Police Department makes findings of wrongdoing in a disproportionately small number of cases;

g.     The City of Jerseyville has failed to act to remedy the patterns of abuse described in the preceding subparagraphs despite actual or constructive knowledge of the same, thereby causing the type of injuries alleged herein.

32.    The misconduct described in this count was undertaken pursuant to the policies and practices of Defendant State of Illinois and Defendant Trent in that:

a.     As a matter of public policy and practice, the Illinois State Police Department undertakes inadequate and defective internal affairs investigations, such that Illinois State police officers are encouraged to believe that their actions will not be subject to scrutiny which, in turn, encourages a pattern of future abuses such as those that affected Roger Holyfield;

b.     As a matter of both policy and practice, the Illinois State Police Department encourages the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, as well as hiring and retaining officers without adequate background checks and with deliberate indifference to the fact that such individuals are not qualified to

11

be police officers due to lack of experience and training, or violent or

reckless tendencies;

c.      As a matter of both policy and practice, the Illinois State Police

Department facilitated the type of misconduct at issue here by failing to

adequately punish and discipline prior instances of similar misconduct,

thereby leading Illinois State police officers to believe that their actions

would never be scrutinized or that they would not be held accountable for

their actions, and in that way, essentially encourage future abuses such as

those which befell Roger Holyfield;

d.      Illinois State policy makers and employees of the police department are

aware of and condone and facilitate by their inaction a "code of silence"

within the Illinois State Police Department by which officers fail to report

misconduct committed by other officers such as the misconduct at issue in

this case;

e.      The Illinois State Police Department undertakes defective and inadequate

investigations, thereby contributing to a perception on the part of Illinois

State police officers that they will not be held accountable for their

actions;

f.      Generally, as a matter of widespread practice so as to compromise state

policy, officers of the Illinois State Police Department abuse citizens in a

manner similar to that alleged by Plaintiff in this count on a frequent basis,

yet the Illinois Police Department makes findings of wrongdoing in a

disproportionately small number of cases;

12

g.    The State of Illinois has failed to act to remedy the patterns of abuse described in the preceding subparagraphs despite actual or constructive knowledge of the same, thereby causing the type of injuries alleged herein.

33.    Roger Holyfield was sitting passively near the sidewalk when he was initially approached by Defendant police officers.

34.    Roger Holyfield had not committed any criminal acts which warranted use of force or deadly force by Defendant police officers.  Most importantly, Roger Holyfield did not take any actions or commit any acts which threatened the safety, welfare or well-being of Defendant police officers or any other persons present at the scene of the incident.

35.    Despite the fact that Roger Holyfield was simply sitting near the sidewalk, Defendant police officers restrained, abused, and shocked or "tased" Holyfield without any threat of imminent physical injury, serious physical injury, or death to Defendant police officers or anyone else.  Defendant police officers improperly used force and deadly force in the performance of their duties without justification or a threat of harm to themselves or others.

36.    Defendant police officers' actions as described above in abusing and injuring Roger Holyfield were completely unreasonable, unlawful and unconstitutional.  Defendant police officers did not have probable cause or a reasonable suspicion to believe that Holyfield posed any threat of physical harm or serious physical harm to himself or others.  Defendant police officers were never in imminent danger of physical injury, serious physical injury or death.  Defendant police officers' actions were excessive and without justification and resulted in the needless injury and death of Roger Holyfield.

37.    Defendant police officers' acts as described above, and performed in the course and scope of their employment and under the color of law, <u>as well as Defendant dispatchers acts</u>

13

<u>as described above,</u> resulted in Roger Holyfield suffering abuse and physical injuries which ultimately resulted in his death and deprived Roger Holyfield of his constitutional rights to be free of bodily harm, secure in his person, to be free from unreasonable seizure of his person and property, and to be secure from excessive force, all in violation of his rights under the fourth and fourteenth amendments of the Constitution of the United States, and 42 U.S.C. §1983.

38.     Roger Holyfield also suffered great pain of body and mind from the moment he was restrained by Defendant police officers until he ultimately died the following day, October 29, 2006.  This pain and suffering was a direct and proximate result of the actions of the Defendants as described above.

39.     Plaintiff Rita Cummings is the natural mother of Roger Holyfield.  She has raised him since birth and lived with him until his unnecessary and untimely demise on October 29, 2006.  Rita Cummings has lost the society, comfort, companionship, services, guidance and support of her son Roger Holyfield as a result of Defendant police officers' restraint and abuse of Roger Holyfield.  Further, Plaintiff Rita Cummings has sustained pecuniary loss, including funeral and burial costs, and the loss of support of Roger Holyfield.

40.     Defendant police officers' actions in abusing and killing Roger Holyfield were willful, wanton, and malicious and exhibited a reckless indifference conscious disregard to the safety, well-being and rights of others, justifying an award of punitive damages against Defendants.

WHEREFORE, Plaintiff Rita Cummings prays for a fair and reasonable judgment against Defendants, for her costs and attorneys' fees associated herein, for punitive damages, and for any other relief this Court deems just and proper.

## COUNT II

### 42 U.S.C. §1983 - DEPRAVATION OF NECESSARY MEDICAL CARE

COMES NOW Plaintiff, Rita Cummings, and for her cause of action against Defendants Officer Wagner, Officer Witt, Officer Lawson, Officer Bridges, Chief Blackorby, <u>Dispatcher Christina Isringhausen, Dispatcher Michelle Niemeyer</u>, Director Trent, City of Jerseyville, and State of Illinois under 42 U.S.C. §1983 hereby states as follows:

41.     Plaintiff hereby incorporates by reference, as if fully set forth herein, Paragraphs 1-40 of this Complaint.

42.     During and after being restrained and abused by Defendant police officers, Roger Holyfield had an objectively serious medical need that required immediate emergency attention.

43.     It was patently obvious to Defendant police officers at the scene of Holyfield's arrest, that Holyfield required immediate emergency medical treatment. Beginning with their initial encounter of Roger Holyfield, the Defendant police officers were or should have been aware of his need for medical attention. The Defendant police officers ignored Holyfield's pleas to call his mother and have her respond to the scene, as well as his obvious need for medical attention, especially after they began to restrain, abuse and shock or "tase" him.  Defendant police officers continued to ignore Holyfield's inability to comply with their commands, and instead of rendering medical assistance or providing medical assistance, they continued their abuse of Holyfield.  Only after Holyfield vomited and became completely unresponsive was an ambulance summoned. <u>Defendant Dispatchers, Christina Isringhausen and Michelle Niemeyer, failed to relay medical and mental health information they had received from family members of Roger Holyfield to the police officers at the scene, and they ignored the family members' requests to do so; the information was relevant, important, and necessary to the police officers at</u>

15

the scene.  In addition, Defendant police officers failed to appropriately follow up regarding said information.

44.    There was no immediate threat to the Defendant police officers.  The situation was well under control and Defendant police officers could and should have rendered medical assistance to Roger Holyfield.

45.    The conduct of the Defendant police officers and dispatchers as described above was objectively unreasonable and was wanton, willful and malicious and undertaken with a reckless indifference or conscious disregard for the safety, health and well-being of others, warranting the imposition of punitive damages.

46.    As a result of Defendant police officers and dispatchers' unreasonable conduct and deliberate indifference to Roger Holyfield's medical needs, Holyfield's condition worsened and this ultimately contributed to his death.  The conduct of Defendants Witt, Wagner and Lawson described in this count were undertaken under the color of law and within the scope and course of their employment as Jerseyville police officers.  Said conduct was undertaken pursuant to the policies and practices of the City of Jerseyville and Chief Blackorby in that:

a.    As a matter of public policy and practice, the Jerseyville Police Department undertakes inadequate and defective internal affairs investigations, such that Jerseyville police officers are encouraged to believe that their actions will not be subject to scrutiny which, in turn, encourages a pattern of future abuses such as those that affected Roger Holyfield;

b.    As a matter of both policy and practice, the Jerseyville Police Department encourages the very type of misconduct at issue here by failing to

16

adequately train, supervise and control its officers <u>and dispatchers</u>, as well as hiring and retaining officers <u>and dispatchers</u> without adequate background checks and with deliberate indifference to the fact that such individuals are not qualified to be police officers <u>and dispatchers</u> due to lack of experience and training, or violent or reckless tendencies;

c.     As a matter of both policy and practice, the Jerseyville Police Department facilitated the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Jerseyville police officers to believe that their actions would never be scrutinized or that they would not be held accountable for their actions, and in that way, essentially encourage future abuses such as those which befell Roger Holyfield;

d.     Jerseyville municipal policy makers and employees of the police department are aware of and condone and facilitate by their inaction a "code of silence" within the Jerseyville Police Department by which officers fail to report misconduct committed by other officers such as the misconduct at issue in this case;

e.     The Jerseyville Police Department undertakes defective and inadequate investigations, thereby contributing to a perception on the part of Jerseyville police officers that they will not be held accountable for their actions;

f.     Generally, as a matter of widespread practice so as to compromise municipal policy, officers of the Jerseyville Police Department abuse

17

citizens in a manner similar to that alleged by Plaintiff in this count on a frequent basis, yet the Jerseyville Police Department makes findings of wrongdoing in a disproportionately small number of cases;

g.  The City of Jerseyville has failed to act to remedy the patterns of abuse described in the preceding subparagraphs despite actual or constructive knowledge of the same, thereby causing the type of injuries alleged herein.

47.  As a result of Defendant police officers and dispatchers' unreasonable conduct and deliberate indifference to Roger Holyfield's medical needs, Holyfield's condition worsened and this ultimately contributed to his death.  The conduct of Defendant Bridges described in this count was undertaken under the color of law and within the scope and course of his employment as an Illinois State police officer.  It was undertaken pursuant to the policies and practices of the State of Illinois and Director Trent in that:

a.  As a matter of public policy and practice, the Illinois State Police Department undertakes inadequate and defective internal affairs investigations, such that Illinois State police officers are encouraged to believe that their actions will not be subject to scrutiny which, in turn, encourages a pattern of future abuses such as those that affected Roger Holyfield;

b.  As a matter of both policy and practice, the Illinois State Police Department encourages the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, as well as hiring and retaining officers without adequate background checks and with deliberate indifference to the fact that such individuals are not qualified to

18

be police officers due to lack of experience and training, or violent or reckless tendencies;

c.   As a matter of both policy and practice, the Illinois State Police Department facilitated the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Illinois State police officers to believe that their actions would never be scrutinized or that they would not be held accountable for their actions, and in that way, essentially encourage future abuses such as those which befell Roger Holyfield;

d.   Illinois State policy makers and employees of the police department are aware of and condone and facilitate by their inaction a "code of silence" within the Illinois State Police Department by which officers fail to report misconduct committed by other officers such as the misconduct at issue in this case;

e.   The Illinois State Police Department undertakes defective and inadequate investigations, thereby contributing to a perception on the part of Illinois State police officers that they will not be held accountable for their actions;

f.   Generally, as a matter of widespread practice so as to compromise state policy, officers of the Illinois State Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this count on a frequent basis, yet the Illinois Police Department makes findings of wrongdoing in a disproportionately small number of cases;

19

g.      The State of Illinois has failed to act to remedy the patterns of abuse

described in the preceding subparagraphs despite actual or constructive

knowledge of the same, thereby causing the type of injuries alleged herein.

WHEREFORE, Plaintiff Rita Cummings, prays for judgment in her favor and against

Defendants in a fair and reasonable amount, to compensate her for her loss, attorneys' fees and

costs, punitive damages and any other relief this Court deems just and proper.

## COUNT III

## WRONGFUL DEATH - 740 ILCS 180/1 ET SEQ.

COMES NOW Plaintiff, Rita Cummings, and for her cause of action for wrongful death against Defendants Officer Wagner, Officer Witt, Officer Lawson, Officer Bridges, Chief Blackorby, <u>Dispatcher Christina Isringhausen, Dispatcher Michelle Niemeyer,</u> Director Trent, City of Jerseyville, and State of Illinois, states as follows:

48.     Plaintiff hereby incorporates by reference Paragraphs 1-47 of this Complaint as if fully set forth herein.

49.     On October 28, 2006, Defendants Witt, Wagner and Lawson were employed as Jerseyville police officers and were acting within the course and scope of their employment, for the benefit of their employer, the City of Jerseyville and Defendant Blackorby, and were acting under the color of law as law enforcement officers.  Defendants Wagner, Witt and Lawson, acting as the agents and employees of Defendant City of Jerseyville and Blackorby, had the duty to withhold from using force or deadly force without first determining that there was an imminent threat of injury or serious physical injury or death to themselves or others.  They had a further duty to use only such force as was reasonably necessary under the circumstances.  <u>On October 28, 2006, Defendants Christina Isringhausen and Michelle Niemeyer were employed as Jerseyville police dispatchers and were acting within the scope and course of their employment, for the benefit of their employer, the City of Jerseyville and Defendant Blackorby.  Defendants Isringhausen and Niemeyer had a duty to relay information to the police officers at the scene of the Roger Holyfield incident that was relevant and necessary to their conduct.</u>

50.     On October 28, 2006, Defendant Bridges was employed as an Illinois State police officer and was acting within the course and scope of his employment, for the benefit of his

employer, the State of Illinois and Defendant Trent, and was acting under the color of law as a law enforcement officer. Defendant Bridges, acting as the agent and employee of Defendants State of Illinois and Trent, had the duty to withhold from using force or deadly force without first determining that there was an imminent threat of injury or serious physical injury or death to himself or others. He had a further duty to use only such force as was reasonably necessary under the circumstances.

51.     Defendants Wagner, Witt and Lawson, acting as the agent and employee of the City of Jerseyville and Chief Blackorby, breached this duty of care by repeatedly and continuously restraining, abusing and shocking or "tasing" Roger Holyfield without just cause, provocation, or threat of imminent physical harm to themselves or others. Furthermore, Defendants Wagner, Witt and Lawson did not make any attempt to remove themselves from any potential zone of danger which may have existed. Defendants Isringhausen and Niemeyer, acting as the agent and employee of the City of Jerseyville and Chief Blackorby, breached their duty of care by failing to relay medical and mental health information they had received from family members of Roger Holyfield to the police officers at the scene, and they ignored the family members' requests to do so; the information was relevant, important, and necessary to the police officers at the scene. In addition, Defendant police officers failed to appropriately follow up regarding said information.

52.     Defendant Bridges, acting as the agent and employee of the State of Illinois and Director Trent, breached this duty of care by repeatedly and continuously restraining, abusing and shocking or "tasing," Roger Holyfield without just cause, provocation, or threat of imminent physical harm to himself or others. Furthermore, Defendant Bridges did not make any attempt to remove himself from any potential zone of danger which may have existed.

22

53.      The conduct of Defendants Wagner, Witt and Lawson described in this count was undertaken under the color of law and within the scope and course of Defendants Wagner, Witt and Lawson's employment as Jerseyville police officers.  It was also undertaken pursuant to the policies and practices of the Defendant City of Jerseyville and Chief Blackorby in that:

      a.      As a matter of public policy and practice, the Jerseyville Police Department undertakes inadequate and defective internal affairs investigations, such that Jerseyville police officers are encouraged to believe that their actions will not be subject to scrutiny which, in turn, encourages a pattern of future abuses such as those that affected Roger Holyfield;

      b.      As a matter of both policy and practice, the Jerseyville Police Department encourages the very type of misconduct at issue here by failing to adequately train, supervise and control its officers and dispatchers, as well as hiring and retaining officers and dispatchers without adequate background checks and with deliberate indifference to the fact that such individuals are not qualified to be police officers and dispatchers due to lack of experience and training, or violent or reckless tendencies;

      c.      As a matter of both policy and practice, the Jerseyville Police Department facilitated the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Jerseyville police officers to believe that their actions would never be scrutinized or that they would not be held accountable for their actions, and in that way, essentially encourage future abuses such as those which

befell Roger Holyfield;

d.    Jerseyville municipal policy makers and employees of the police department are aware of and condone and facilitate by their inaction a "code of silence" within the Jerseyville Police Department by which officers fail to report misconduct committed by other officers such as the misconduct at issue in this case;

e.    The Jerseyville Police Department undertakes defective and inadequate investigations, thereby contributing to a perception on the part of Jerseyville police officers that they will not be held accountable for their actions;

f.    Generally, as a matter of widespread practice so as to compromise municipal policy, officers of the Jerseyville Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this count on a frequent basis, yet the Jerseyville Police Department makes findings of wrongdoing in a disproportionately small number of cases;

g.    The City of Jerseyville has failed to act to remedy the patterns of abuse described in the preceding subparagraphs despite actual or constructive knowledge of the same, thereby causing the type of injuries alleged herein.

54.    The conduct of Defendant Bridges described in this count was undertaken under the color of law and within the scope and course of Defendant Bridges' employment as an Illinois State police officer.  It was also undertaken pursuant to the policies and practices of the Defendant State of Illinois and Director Trent in that:

a.    As a matter of public policy and practice, the Illinois State Police

24

Department undertakes inadequate and defective internal affairs investigations, such that Illinois State police officers are encouraged to believe that their actions will not be subject to scrutiny which, in turn, encourages a pattern of future abuses such as those that affected Roger Holyfield;

b.   As a matter of both policy and practice, the Illinois State Police Department encourages the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, as well as hiring and retaining officers without adequate background checks and with deliberate indifference to the fact that such individuals are not qualified to be police officers due to lack of experience and training, or violent or reckless tendencies;

c.   As a matter of both policy and practice, the Illinois State Police Department facilitated the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Illinois State police officers to believe that their actions would never be scrutinized or that they would not be held accountable for their actions, and in that way, essentially encourage future abuses such as those which befell Roger Holyfield;

d.   Illinois State policy makers and employees of the police department are aware of and condone and facilitate by their inaction a "code of silence" within the Illinois State Police Department by which officers fail to report misconduct committed by other officers such as the misconduct at issue in

25

this case;

e.  The Illinois State Police Department undertakes defective and inadequate investigations, thereby contributing to a perception on the part of Illinois State police officers that they will not be held accountable for their actions;

f.  Generally, as a matter of widespread practice so as to compromise state policy, officers of the Illinois State Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this count on a frequent basis, yet the Illinois Police Department makes findings of wrongdoing in a disproportionately small number of cases;

g.  The State of Illinois has failed to act to remedy the patterns of abuse described in the preceding subparagraphs despite actual or constructive knowledge of the same, thereby causing the type of injuries alleged herein.

55.  Defendant police officers also made no attempt to take control of the situation, diffuse the situation, or use a lesser degree of force or non-deadly force to resolve the situation.

56.  As a direct result of the actions of Defendants as described herein, Roger Holyfield sustained injuries which ultimately caused his death.  Additionally, Roger Holyfield suffered great anguish of body and mind in the hours prior to his death on October 28 and 29, 2006.

57.  The actions of Defendants as described herein were willful, wanton, malicious and carried out with complete indifference and reckless disregard for the safety and well-being of others warranting the imposition of punitive damages.

58.  Due the actions of Defendants as described above, Rita Cummings has been

deprived of her son Roger Holyfield's society, comfort, companionship, service, counsel and

support and is entitled to damages as set forth the Illinois wrongful death statute, 740 ILCS 180/1

et seq. and the survival statute 755 ILCS 5/27-6.

WHEREFORE, Plaintiff Rita Cummings, prays for a judgement against Defendants in a

fair and reasonable amount, to compensate her for her losses, for punitive damages and for her

attorneys' fees and costs and for such other and further relief as this Court deems just and proper.

<u>COUNT IV</u>

<u>42 U.S.C. §1983 - CONSPIRACY</u>

COMES NOW Plaintiff, Rita Cummings, and for her cause of action against Defendants

Officer Wagner, Officer Witt, Officer Lawson, Officer Bridges, Chief Blackorby, <u>Dispatcher</u>

<u>Christina Isringhausen, Dispatcher Michelle Niemeyer</u>, Director Trent, City of Jerseyville, and

State of Illinois under 42 U.S.C. §198<u>3</u>, states as follows:

59.     Plaintiff hereby realleges and incorporates by reference Paragraphs 1-58 of this

Complaint as if fully set forth herein.

60.     The Defendants Officer Wagner, Officer Witt, Officer Lawson, Officer Bridges,

Chief Blackorby, <u>Dispatcher Christina Isringhausen, Dispatcher Michelle Niemeyer</u>, Director

Trent, City of Jerseyville, and State of Illinois and other unnamed co-conspirators conspired to

deprive decedent Roger Holyfield and Plaintiff of their rights as protected by the United States

and Illinois constitutions and statutes.  This conspiracy was undertaken in an attempt to use

unnecessary force against Roger Holyfield, to cover up the misconduct and crimes committed by

Defendant police officers, to mislead the family of Roger Holyfield as to the facts and

circumstances surrounding Roger Holyfield's abuse and death, and to harass and attempt to

intimidate family of Roger Holyfield so as to prevent them for inquiring into the true

27

circumstances of his death.

     61.    The Defendants, acting individually and in concert, committed various conspiratorial acts in furtherance of the conspiracy, including but not limited to:

     a.    Failing to notify Rita Cummings and the family of Roger Holyfield in a timely manner of the fact that Roger Holyfield had been located and taken into custody and was requesting the presence of his mother, Rita Cummings;

     b.    Misrepresenting to Rita Cummings and other members of the family of Roger Holyfield that Roger Holyfield was not in danger at the scene of the incident and that the situation was under control, and further that the situation did not require the presence of Rita Cummings at the scene, despite the fact that Ms. Cummings had repeatedly called the Jerseyville dispatcher to inquire about the well-being of her son;

     c.    Failing to take affirmative steps to notify Rita Cummings and the family of Roger Holyfield that Holyfield had been restrained, struck and shocked or "tased" by police officers, was in critical condition and was receiving emergency medical treatment through the Jerseyville Community Hospital;

     d.    Misrepresenting to Rita Cummings and the family of Roger Holyfield the facts and circumstances surrounding his restraint and abuse and failing to disclose that Roger Holyfield was in fact the victim of police abuse;

     e.    Refusing to provide timely and accurate information to the family members of Roger Holyfield with respect to the circumstances

28

surrounding his restraint and abuse;

f.      Failing to provide timely and accurate information to EMS personnel or treating medical personnel as to the circumstances surrounding Holyfield's restraint and abuse so that he could receive appropriate medical treatment;

g.      Stationing the Defendants Wagner, Witt and others at Jersey Community Hospital, who acting under the color of law, attempted to influence the medical treatment of Roger Holyfield, and to "let him die," and to intimidate the family members of Roger Holyfield and to prevent them from learning the true circumstances surrounding Holyfield's restraint and abuse;

h.      Interfering with the liberty of key witnesses immediately after the incident, and attempting to influence their statements or willingness to testify through intimidation and harassment;

i.      Intentionally refusing to provide Plaintiff or the public with the identity of all officers involved in the incident;

j.      Restraining and abusing Roger Holyfield as described herein;

k.      Failing to relay medical and mental health information they had received from family members of Roger Holyfield to the police officers at the scene, and ignoring the family members' requests to do so; the information was relevant, important, and necessary to the police officers at the scene.  In addition, Defendant police officers failed to appropriately follow up regarding said information.

62.     The conduct of Defendants Wagner, Witt and Lawson described in this count was

29

undertaken under the color of law and within the scope and course of Defendants Wagner, Witt and Lawson's employment as Jerseyville police officers.  It was also undertaken pursuant to the policies and practices of the Defendant City of Jerseyville and Chief Blackorby in that:

a.      As a matter of public policy and practice, the Jerseyville Police Department undertakes inadequate and defective internal affairs investigations, such that Jerseyville police officers are encouraged to believe that their actions will not be subject to scrutiny which, in turn, encourages a pattern of future abuses such as those that affected Roger Holyfield;

b.      As a matter of both policy and practice, the Jerseyville Police Department encourages the very type of misconduct at issue here by failing to adequately train, supervise and control its officers and dispatchers, as well as hiring and retaining officers and dispatchers without adequate background checks and with deliberate indifference to the fact that such individuals are not qualified to be police officers and dispatchers due to lack of experience and training, or violent or reckless tendencies;

c.      As a matter of both policy and practice, the Jerseyville Police Department facilitated the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Jerseyville police officers to believe that their actions would never be scrutinized or that they would not be held accountable for their actions, and in that way, essentially encourage future abuses such as those which befell Roger Holyfield;

d.      Jerseyville municipal policy makers and employees of the police

department are aware of and condone and facilitate by their inaction a

"code of silence" within the Jerseyville Police Department by which

officers fail to report misconduct committed by other officers such as the

misconduct at issue in this case;

e.      The Jerseyville Police Department undertakes defective and inadequate

investigations, thereby contributing to a perception on the part of

Jerseyville police officers that they will not be held accountable for their

actions;

f.      Generally, as a matter of widespread practice so as to compromise

municipal policy, officers of the Jerseyville Police Department abuse

citizens in a manner similar to that alleged by Plaintiff in this count on a

frequent basis, yet the Jerseyville Police Department makes findings of

wrongdoing in a disproportionately small number of cases;

g.      The City of Jerseyville has failed to act to remedy the patterns of abuse

described in the preceding subparagraphs despite actual or constructive

knowledge of the same, thereby causing the type of injuries alleged herein.

63.     The conduct of Defendant Bridges described in this count was undertaken under

the color of law and within the scope and course of Bridges' employment as an Illinois State

police officer.  It was also undertaken pursuant to the policies and practices of the Defendant

State of Illinois and Director Trent in that:

a.      As a matter of public policy and practice, the Illinois State Police

Department undertakes inadequate and defective internal affairs

31

investigations, such that Illinois State police officers are encouraged to believe that their actions will not be subject to scrutiny which, in turn, encourages a pattern of future abuses such as those that affected Roger Holyfield;

b.     As a matter of both policy and practice, the Illinois State Police Department encourages the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, as well as hiring and retaining officers without adequate background checks and with deliberate indifference to the fact that such individuals are not qualified to be police officers due to lack of experience and training, or violent or reckless tendencies;

c.     As a matter of both policy and practice, the Illinois State Police Department facilitated the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Illinois State police officers to believe that their actions would never be scrutinized or that they would not be held accountable for their actions, and in that way, essentially encourage future abuses such as those which befell Roger Holyfield;

d.     Illinois State policy makers and employees of the police department are aware of and condone and facilitate by their inaction a "code of silence" within the Illinois State Police Department by which officers fail to report misconduct committed by other officers such as the misconduct at issue in this case;

e.     The Illinois State Police Department undertakes defective and inadequate investigations, thereby contributing to a perception on the part of Illinois State police officers that they will not be held accountable for their actions;

f.     Generally, as a matter of widespread practice so as to compromise state policy, officers of the Illinois State Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this count on a frequent basis, yet the Illinois Police Department makes findings of wrongdoing in a disproportionately small number of cases;

g.     The State of Illinois has failed to act to remedy the patterns of abuse described in the preceding subparagraphs despite actual or constructive knowledge of the same, thereby causing the type of injuries alleged herein.

64.     The actions of the Defendants as described in this count were willful, wanton, and malicious and exhibited a reckless indifference or conscious disregard for the safety, well-being and rights of others, justifying an award of punitive damages against Defendants.

WHEREFORE, Plaintiff, Rita Cummings, respectfully requests this Court enter judgment in her favor and against all Defendants, awarding compensatory damages for her losses, attorneys' fees and costs, punitive damages and any other relief that the Court deems just and proper.

## COUNT V

## 42 U.S.C. §1983 - FAILURE TO SUPERVISE, DISCIPLINE AND CONTROL

COMES NOW Plaintiff, Rita Cummings, and for her cause of action against Defendants Officer Wagner, Officer Witt, Officer Lawson, Officer Bridges, Chief Blackorby, Director Trent,

33

City of Jerseyville, and State of Illinois under 42 U.S.C. §1983 states as follows:

65.     Plaintiff hereby realleges and incorporates by reference Paragraphs 1-64 as if fully set forth herein.

66.     The Jerseyville Police Department, acting through Defendant City of Jerseyville and Defendant Chief Blackorby, has adopted policies, practices and customs which were either inadequate to protect the rights vested to Roger Holyfield under the United States and Illinois constitutions and statutes, or actively promoted the deprivation of these rights by Jerseyville police officers.

67.     The Illinois State Police Department, acting through Defendant State of Illinois and Defendant Director Trent, has adopted policies, practices and customs which were either inadequate to protect the rights vested to Roger Holyfield under the United States and Illinois constitutions and statutes, or actively promoted the deprivation of these rights by Illinois State police officers.

68.     The policies and practices of the Jerseyville Police Department in question are as follows:

      a.     As a matter of public policy and practice, the Jerseyville Police Department undertakes inadequate and defective internal affairs investigations, such that Jerseyville police officers are encouraged to believe that their actions will not be subject to scrutiny which, in turn, encourages a pattern of future abuses such as those that affected Roger Holyfield;

      b.     As a matter of both policy and practice, the Jerseyville Police Department encourages the very type of misconduct at issue here by failing to

34

adequately train, supervise and control its officers <u>and dispatchers</u>, as well as hiring and retaining officers <u>and dispatchers</u> without adequate background checks and with deliberate indifference to the fact that such individuals are not qualified to be police officers <u>and dispatchers</u> due to lack of experience and training, or violent or reckless tendencies;

c.   As a matter of both policy and practice, the Jerseyville Police Department facilitated the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Jerseyville police officers to believe that their actions would never be scrutinized or that they would not be held accountable for their actions, and in that way, essentially encourage future abuses such as those which befell Roger Holyfield;

d.   Jerseyville municipal policy makers and employees of the police department are aware of and condone and facilitate by their inaction a "code of silence" within the Jerseyville Police Department by which officers fail to report misconduct committed by other officers such as the misconduct at issue in this case;

e.   The Jerseyville Police Department undertakes defective and inadequate investigations, thereby contributing to a perception on the part of Jerseyville police officers that they will not be held accountable for their actions;

f.   Generally, as a matter of widespread practice so as to compromise municipal policy, officers of the Jerseyville Police Department abuse

citizens in a manner similar to that alleged by Plaintiff in this count on a frequent basis, yet the Jerseyville Police Department makes findings of wrongdoing in a disproportionately small number of cases;

g.    The City of Jerseyville has failed to act to remedy the patterns of abuse described in the preceding subparagraphs despite actual or constructive knowledge of the same, thereby causing the type of injuries alleged herein;

h.    The officers of the Jerseyville Police Department are improperly trained in the use of force and routinely use excessive force far beyond what is required to reasonably control the situation;

I.    As a matter of policy and practice, this excessive use of force is accepted and condoned by Defendant City of Jerseyville and Chief Blackorby in that they take inadequate measures to properly train officers on the proper use of force, take inadequate steps to follow up on civilian or officer reports of excessive use of force, and fail to supervise the use of force by their officers and properly discipline their officers for excessive use of force;

j.    The Jerseyville Police Department routinely violates the constitutional rights of its citizens, whose safety and well-being is put in their charge, by arresting, detaining and prosecuting people in violation of their constitutional rights;

k.    Defendant City of Jerseyville and Chief Blackorby failed to provide training regarding the means by which to use other and less deadly means of force to effect arrests or apprehend suspected criminals, including but

not limited to providing officers with adequate training on the use of non-deadly weapons, training officers on how not escalade encounters and diffuse situations and otherwise not supplying adequate training and supervision to its officers.

69.     The policies and practices of the Illinois State Police Department in question are as follows:

a.     As a matter of public policy and practice, the Illinois State Police Department undertakes inadequate and defective internal affairs investigations, such that Illinois State police officers are encouraged to believe that their actions will not be subject to scrutiny which, in turn, encourages a pattern of future abuses such as those that affected Roger Holyfield;

b.     As a matter of both policy and practice, the Illinois State Police Department encourages the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, as well as hiring and retaining officers without adequate background checks and with deliberate indifference to the fact that such individuals are not qualified to be police officers due to lack of experience and training, or violent or reckless tendencies;

c.     As a matter of both policy and practice, the Illinois State Police Department facilitated the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Illinois State police officers to believe that their actions

37

would never be scrutinized or that they would not be held accountable for their actions, and in that way, essentially encourage future abuses such as those which befell Roger Holyfield;

d.    Illinois State municipal policy makers and employees of the police department are aware of and condone and facilitate by their inaction a "code of silence" within the Illinois State Police Department by which officers fail to report misconduct committed by other officers such as the misconduct at issue in this case;

e.    The Illinois State Police Department undertakes defective and inadequate investigations, thereby contributing to a perception on the part of Illinois State police officers that they will not be held accountable for their actions;

f.    Generally, as a matter of widespread practice so as to compromise municipal policy, officers of the Illinois State Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this count on a frequent basis, yet the Illinois Police Department makes findings of wrongdoing in a disproportionately small number of cases;

g.    The State of Illinois has failed to act to remedy the patterns of abuse described in the preceding subparagraphs despite actual or constructive knowledge of the same, thereby causing the type of injuries alleged herein;

h.    The officers of the Illinois State Police Department are improperly trained in the use of force and routinely use excessive force far beyond what is required to reasonably control the situation;

I.    As a matter of policy and practice, this excessive use of force is accepted and condoned by Defendant State of Illinois and Director Trent in that they take inadequate measures to properly train officers on the proper use of force, take inadequate steps to follow up on civilian or officer reports of excessive use of force, and fail to supervise the use of force by their officers and properly discipline their officers for excessive use of force;

j.    The Illinois State Police Department routinely violates the constitutional rights of its citizens, whose safety and well-being is put in their charge, by arresting, detaining and prosecuting people in violation of their constitutional rights;

k.    Defendant State of Illinois and Director Trent failed to provide training regarding the means by which to use other and less deadly means of force to effect arrests or apprehend suspected criminals, including but not limited to providing officers with adequate training on the use of non-deadly weapons, training officers on how not escalade encounters and diffuse situations and otherwise not supplying adequate training and supervision to its officers.

70.    Defendants City of Jerseyville and Chief Blackorby's failure to properly hire, train, supervise and discipline its officers has resulted in the atmosphere at the Jerseyville Police Department where the use of excessive force by officers is routinely accepted and officers are lead to believe that their actions and use of force will not be scrutinized.  This atmosphere leads to a spiral of abuse by officers, including the use of force and deadly force when it is clearly not warranted or justified as occurred in the instant case resulting in the injury and death of Roger

39

Holyfield.

71.    Defendants State of Illinois and Director Trent's failure to properly hire, train, supervise and discipline its officers has resulted in the atmosphere at the Illinois State Police Department where the use of excessive force by officers is routinely accepted and officers are lead to believe that their actions and use of force will not be scrutinized.  This atmosphere leads to a spiral of abuse by officers, including the use of force and deadly force when it is clearly not warranted or justified as occurred in the instant case resulting in the injury and death of Roger Holyfield.

72.    The Defendants' failure to hire, train, supervise, control and discipline their officers and dispatchers was unreasonable and none of the Defendants is entitled to qualified immunity under Illinois or Federal law.

73.    The acts of the Defendants as described in this count deprived Roger Holyfield of his right to be free from excessive force and unlawful and unreasonable seizures in violation of the fourth and fourteenth amendments of the Constitution of the United States and that Plaintiffs are entitled to bring this cause under 42 U.S.C. §1983.

74.    The actions of the Defendants as described in this count were willful, wanton, and malicious and exhibited a reckless indifference or conscious disregard for the safety, well-being and rights of others, justifying an award of punitive damages against Defendants.

WHEREFORE, Plaintiff, Rita Cummings, respectfully requests this Court enter judgment in her favor and against all Defendants in a fair and reasonable amount, awarding compensatory damages for her losses, attorneys' fees and costs, punitive damages and any other relief that the Court deems just and proper.

## COUNT VI

## INFLICTION OF EMOTIONAL DISTRESS

COMES NOW Plaintiff, Rita Cummings, and for her cause of action for infliction of emotional distress against Defendants Officer Wagner, Officer Witt, Officer Lawson, Officer Bridges, Chief Blackorby, <u>Dispatcher Christina Isringhausen, Dispatcher Michelle Niemeyer,</u> Director Trent, City of Jerseyville, and State of Illinois, states as follows:

75.     Plaintiff hereby realleges and incorporates by reference Paragraphs 1-74 as if fully set forth herein.

76.     Defendants, acting through their employees and agents, cause the negligent and intentional infliction of emotional distress to Roger Holyfield and Rita Cummings by:

      a.     Inflicting the restraint and abuse on Roger Holyfield as described herein;

      b.     Failing to notify Rita Cummings and the family of Roger Holyfield in a timely manner of the fact that Roger Holyfield had been located and taken into custody and was requesting the presence of his mother, Rita Cummings;

      c.     Misrepresenting to Rita Cummings and other members of the family of Roger Holyfield that Roger Holyfield was not in danger at the scene of the incident and that the situation was under control, and further that the situation did not require the presence of Rita Cummings at the scene, despite the fact that Ms. Cummings had repeatedly called the Jerseyville dispatcher to inquire about the well-being of her son;

      d.     Failing to take affirmative steps to notify Rita Cummings and the family of Roger Holyfield that Holyfield had been restrained, struck and shocked

or "tased" by police officers, was in critical condition and was receiving emergency medical treatment through the Jerseyville Community Hospital;

e.   Misrepresenting to Rita Cummings and the family of Roger Holyfield the facts and circumstances surrounding his restraint and abuse and failing to disclose that Roger Holyfield was in fact the victim of police abuse;

f.   Refusing to provide timely and accurate information to the family members of Roger Holyfield with respect to the circumstances surrounding his restraint and abuse;

g.   Failing to provide timely and accurate information to EMS personnel or treating medical personnel as to the circumstances surrounding Holyfield's restraint and abuse so that he could receive appropriate medical treatment;

h.   Stationing the Defendants Wagner, Witt and others at Jersey Community Hospital, who acting under the color of law, attempted to influence the medical treatment of Roger Holyfield, and to "let him die," and to intimidate the family members of Roger Holyfield and to prevent them from learning the true circumstances surrounding Holyfield's restraint and abuse;

i.   Interfering with the liberty of key witnesses immediately after the incident, and attempting to influence their statements or willingness to testify through intimidation and harassment;

j.   Intentionally refusing to provide Plaintiff or the public with the identity of all officers involved in the incident;

42

k.  Failing to relay medical and mental health information they had received from family members of Roger Holyfield to the police officers at the scene, and ignoring the family members' requests to do so; the information was relevant, important, and necessary to the police officers at the scene. In addition, Defendant police officers failed to appropriately follow up regarding said information.

77.  The actions of the Defendants as described in this count were willful, wanton, and malicious and exhibited a reckless indifference or conscious disregard for the safety, well-being and rights of others, justifying an award of punitive damages against Defendants.

78.  As a result of these acts, the Plaintiff and Roger Holyfield suffered significant emotional distress resulting in medically significant and diagnosable conditions.

79.  The Defendants' acts were negligent, intentional, and tortious and the Defendants should have realized that the conduct involved an unreasonable risk to Plaintiff and Roger Holyfield of causing her and Roger Holyfield emotional and physical distress.

WHEREFORE, Plaintiff, Rita Cummings, prays for judgment against Defendants in a fair and reasonable amount, to compensate her for her losses, for attorneys' fees and costs, punitive damages and any other relief this Court deems just and proper.

## COUNT VII

## ASSAULT AND BATTERY

COMES NOW Plaintiff, Rita Cummings, and for her cause of action for assault and battery against Defendants Officer Wagner, Officer Witt, Officer Lawson, Officer Bridges, Chief Blackorby, Director Trent, City of Jerseyville, and State of Illinois states as follows:

80.  Plaintiff hereby realleges and incorporates by reference Paragraphs 1-79 as if

43

fully set forth herein.

81.     Roger Holyfield had a right under Illinois law to be free from intentional, unlawful offer of corporal injury by force, under such circumstances as to create fear of imminent peril.  Roger Holyfield further had a right under Illinois law to be free from injury by force without justification.

82.     Defendant police officers brandished taser weapons, and made multiple threats against Roger Holyfield with the intent to cause him to be in fear of imminent peril.  Further, Defendant police officers handcuffed, forcibly restrained, struck, abused and shocked or "tased" Roger Holyfield, and thereby caused in Holyfield physical injury and a fear of imminent peril.

83.     As a direct and proximate result of Defendant police officers' actions, as previously described, Holyfield suffered from mental, emotional and physical injury, leading to pain and suffering, mental anguish, shock and discomfort, and death.

84.     The conduct of Defendants Wagner, Witt and Lawson described in this count was undertaken under the color of law and within the scope and course of their employment as Jerseyville police officers.  It was also undertaken pursuant to the policies and practices of the Jerseyville Police Department and Defendant Blackorby in that:

      a.    As a matter of public policy and practice, the Jerseyville Police Department undertakes inadequate and defective internal affairs investigations, such that Jerseyville police officers are encouraged to believe that their actions will not be subject to scrutiny which, in turn, encourages a pattern of future abuses such as those that affected Roger Holyfield;

      b.    As a matter of both policy and practice, the Jerseyville Police Department

44

encourages the very type of misconduct at issue here by failing to

adequately train, supervise and control its officers and dispatchers, as well

as hiring and retaining officers and dispatchers without adequate

background checks and with deliberate indifference to the fact that such

individuals are not qualified to be police officers and dispatchers due to

lack of experience and training, or violent or reckless tendencies;

c.      As a matter of both policy and practice, the Jerseyville Police Department

facilitated the type of misconduct at issue here by failing to adequately

punish and discipline prior instances of similar misconduct, thereby

leading Jerseyville police officers to believe that their actions would never

be scrutinized or that they would not be held accountable for their actions,

and in that way, essentially encourage future abuses such as those which

befell Roger Holyfield;

d.      Jerseyville municipal policy makers and employees of the police

department are aware of and condone and facilitate by their inaction a

"code of silence" within the Jerseyville Police Department by which

officers fail to report misconduct committed by other officers such as the

misconduct at issue in this case;

e.      The Jerseyville Police Department undertakes defective and inadequate

investigations, thereby contributing to a perception on the part of

Jerseyville police officers that they will not be held accountable for their

actions;

f.      Generally, as a matter of widespread practice so as to compromise

45

municipal policy, officers of the Jerseyville Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this count on a frequent basis, yet the Jerseyville Police Department makes findings of wrongdoing in a disproportionately small number of cases;

g.   The City of Jerseyville has failed to act to remedy the patterns of abuse described in the preceding subparagraphs despite actual or constructive knowledge of the same, thereby causing the type of injuries alleged herein;

h.   The officers of the Jerseyville Police Department are improperly trained in the use of force and routinely use excessive force far beyond what is required to reasonably control the situation;

I.   As a matter of policy and practice, this excessive use of force is accepted and condoned by Defendant City of Jerseyville and Chief Blackorby in that they take inadequate measures to properly train officers on the proper use of force, take inadequate steps to follow up on civilian or officer reports of excessive use of force, and fail to supervise the use of force by their officers and properly discipline their officers for excessive use of force;

j.   The Jerseyville Police Department routinely violates the constitutional rights of its citizens, whose safety and well-being is put in their charge, by arresting, detaining and prosecuting people in violation of their constitutional rights;

k.   Defendant City of Jerseyville and Chief Blackorby failed to provide training regarding the means by which to use other and less deadly means

46

of force to effect arrests or apprehend suspected criminals, including but not limited to providing officers with adequate training on the use of non-deadly weapons, training officers on how not escalade encounters and diffuse situations and otherwise not supplying adequate training and supervision to its officers.

85.     The conduct of Defendant Bridges described in this count was undertaken under the color of law and within the scope and course of his employment as an Illinois State police officer.  It was also undertaken pursuant to the policies and practices of the Illinois State Police Department and Defendant Trent in that:

a.     As a matter of public policy and practice, the Illinois State Police Department undertakes inadequate and defective internal affairs investigations, such that Illinois State police officers are encouraged to believe that their actions will not be subject to scrutiny which, in turn, encourages a pattern of future abuses such as those that affected Roger Holyfield;

b.     As a matter of both policy and practice, the Illinois State Police Department encourages the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, as well as hiring and retaining officers without adequate background checks and with deliberate indifference to the fact that such individuals are not qualified to be police officers due to lack of experience and training, or violent or reckless tendencies;

c.     As a matter of both policy and practice, the Illinois State Police

47

Department facilitated the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Illinois State police officers to believe that their actions would never be scrutinized or that they would not be held accountable for their actions, and in that way, essentially encourage future abuses such as those which befell Roger Holyfield;

d.     Illinois State policy makers and employees of the police department are aware of and condone and facilitate by their inaction a "code of silence" within the Illinois State Police Department by which officers fail to report misconduct committed by other officers such as the misconduct at issue in this case;

e.     The Illinois State Police Department undertakes defective and inadequate investigations, thereby contributing to a perception on the part of Illinois State police officers that they will not be held accountable for their actions;

f.     Generally, as a matter of widespread practice so as to compromise state policy, officers of the Illinois State Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this count on a frequent basis, yet the Illinois Police Department makes findings of wrongdoing in a disproportionately small number of cases;

g.     The State of Illinois has failed to act to remedy the patterns of abuse described in the preceding subparagraphs despite actual or constructive knowledge of the same, thereby causing the type of injuries alleged herein;

48

h.    The officers of the Illinois State Police Department are improperly trained in the use of force and routinely use excessive force far beyond what is required to reasonably control the situation;

I.    As a matter of policy and practice, this excessive use of force is accepted and condoned by Defendant State of Illinois and Director Trent in that they take inadequate measures to properly train officers on the proper use of force, take inadequate steps to follow up on civilian or officer reports of excessive use of force, and fail to supervise the use of force by their officers and properly discipline their officers for excessive use of force;

j.    The Illinois State Police Department routinely violates the constitutional rights of its citizens, whose safety and well-being is put in their charge, by arresting, detaining and prosecuting people in violation of their constitutional rights;

k.    Defendant State of Illinois and Director Trent failed to provide training regarding the means by which to use other and less deadly means of force to effect arrests or apprehend suspected criminals, including but not limited to providing officers with adequate training on the use of non-deadly weapons, training officers on how not escalade encounters and diffuse situations and otherwise not supplying adequate training and supervision to its officers.

86.    The actions of the Defendants as described in this count were willful, wanton, and malicious and exhibited a reckless indifference or conscious disregard for the safety, well-being and rights of others, justifying an award of punitive damages against Defendants.

WHEREFORE, Plaintiff, Rita Cummings, prays for judgment against Defendants in a fair and reasonable amount, to compensate her for her losses, for attorneys' fees and costs, punitive damages and any other relief this Court deems just and proper.

Respectfully submitted,

**ONDER, SHELTON, O'LEARY & PETERSON, LLC**

By      s/Mark R. Niemeyer
   Mark R. Niemeyer
   110 E. Lockwood
   St. Louis, MO 63119
   314/963-9000 telephone
   314/963-1700 facsimile
   niemeyer@onderlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 10th, 2008, I presented Plaintiff's Third Amended Complaint to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

Charles A. Pierce
Pierce Law Firm, P.C.
#3 Executive Woods Court, Suite 200
Belleville, IL 62226
cpierce@piercelawpc.com

Karen McNaught
Illinois Attorney General's Office
500 S. 2nd Street
Springfield, IL 62701
kmcnaught@atg.state.il.us

s/Mark R. Niemeyer